## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 13-0117-CG-B** |
| | ) | |
| **One parcel of real property and all** | ) | |
| **improvements thereon located at** | ) | |
| **801 East Franklin Avenue, Foley,** | ) | |
| **Alabama,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF FORFEITURE

This matter is before the Court on plaintiff's Motion for Entry of Order of Forfeiture (Doc. 5).  For cause shown, the Motion is **GRANTED.**

The defendant real property is specifically described as 801 East Franklin Avenue, Foley, Alabama, together with its appurtenances and improvements, located in Baldwin County, Alabama within the Southern District of Alabama.  The deed to the defendant property places title in the name of Beverly Heard, who may also be known as Beverly Williams, and is recorded in Deed Book 344, page 1349, in the Office of the Judge of Probate, Baldwin County, Alabama, and with a legal description of:

### Property Description # 1

**Lot 7, Block 1, Beulah Heights, according to the plat thereof of record in the office of the Judge of Probate of Baldwin County, Alabama, in Map Book 5, Page 147.**

On March 12, 2013, the plaintiff filed a Complaint for Forfeiture In Rem against the defendant real property, to enforce the provisions of Title 21, U.S.C. § 881(a)(7), which subjects to civil forfeiture all real property, including any right, title and interest therein and any appurtenances and improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Controlled Substances Act, which is punishable by more than one year's imprisonment.

The United States successfully prosecuted Ms. Heard's former spouse, Clifton Heard, Sr., and her children, Clifton Fidele, Jesse, and Henry, for controlled substance violations.  The Government has shown by a preponderance of the evidence that year-after-year the property was used to store and distribute powder and crack cocaine on a large scale in the city of Foley and Baldwin County. United States v. Clifton Heard, Sr., et al., S. D. AL.Cr. 07-00125-CB, (Docs. 1, 49, 52, 53, 54, 98, 98-1, 117, 120, 121, 152) and United States v. Jesse Andre Heard, et al., S. D. AL. Cr. 12-00068-CG (Docs. 1, 187, 230, 239, 243, 245, 407, 431, 444).   These convictions were for offenses punishable under the penalty provisions of 21 U.S.C. § 841(b)(1)(A), with a term of not less than 5 years nor more than 40 years.

Two of Ms. Heard's sons have said that their mother knew about and disapproved of their use of her property to distribute illegal drugs.  More specifically, Clifton Fidele Heard admitted that his mother moved away from the property after an argument with his brother, Jesse, due to his drug sales from the property, which Jesse confirmed. Their sister also knew about her brothers selling

drugs from their mother's property.  However, there is no evidence that their

mother ever requested the assistance of law enforcement to help her (as the

property owner) stop its use as an illegal drug distribution hub.

Had Ms. Heard filed a claim and the required responsive pleadings, and

asserted an innocent owner defense, she would have had to prove by a

preponderance that "upon learning of the conduct giving rise to the forfeiture, [she]

did all that could reasonably be expected under the circumstances to terminate such

use of the property" to avoid its forfeiture under 18 U.S.C. § 983(d)(2)(A)(ii).  But

one who abandons property and leaves it to the devices of those using it as an illegal

drug operation and does nothing to try to stop it cannot be an innocent owner.

*United States v. Real Property in Santa Paula*, 763 F. Supp. 2d 1175, 1193 (C.D.

Cal. 2011) (applying pre-CAFRA case law to §983(d)(2) and holding that a parent

who knew of, or was willfully blind to, an adult child's use of his property to

cultivate marijuana did not satisfy the "all reasonable steps" test when he failed to

inspect his property to learn the full extent of the marijuana cultivation and failed

to contact law enforcement) (collecting cases and following *16328 South 43rd E.*

*Ave.*); *United States v. Two Parcels (19 and 25 Castle Street)*, 31 F. 3d 35, 40 (2d Cir.

1994) (parent of adult child consented to illegal use of his property when he did not

take every reasonable step to prevent such use); *United States v. One Parcel...7079*

*Chilton County Road*, 1213 F. Supp. 2d 602, 609 (M.D. Ala. 2000) (whether claimant

has done "everything that he could reasonably be expected to do" must be viewed in

light of claimant's circumstances; taking all reasonable steps includes cooperating

with law enforcement after police apprize claimant of the illegal activity), *rev'd on other grounds*, 270 F.3d 1331 (11th Cir. 2001); *United States v. One Parcel of Property (755 Forest Road)*, 985 F.2d 70, 72-73 (2d Cir. 1993) (wife's willful blindness to husband's use of residence for drug activity inconsistent with taking all reasonable steps); *United States v. The Premises and Real Property...191 Whitney Place*, 2000 WL 13357448, *3 (W.D.N.Y. 2000) (same; father's willingness "to stick his head in the proverbial sand; and ignore his son's activities, criminal or not, is willful blindness and therefore does not meet all reasonable steps standard*); United States v. 152 Char-Nor Manor Blvd.*, 922 F. Supp. 1064, 1069 (D. Md. 1996) (claimant who fails to take "affirmative steps to prevent the property's illegal use" cannot show lack of consent; where property was used for marijuana grow, claimant could have cut down the crop, forbidden boyfriend from using the property, or changed the locks on her house).  Therefore, the defendant property is subject to civil forfeiture as alleged, and there is no innocent owner.

Pursuant to Title 18, U.S.C. § 985 (c)(1)(B), the Federal Bureau of Investigation ("FBI") posted a copy of the Complaint and Notice of Complaint for Forfeiture on the only residence located on the property on March 14, 2013.  Once the FBI posted notice on the property, no further action was necessary for the Court to have in rem jurisdiction over it.  18 U.S.C. § 985(c)(3).

On March 14, 2013, the plaintiff personally served the sole owner, Beverly Heard, also known as Beverly Williams, with a copy of the Complaint and Notice of Forfeiture Action in accordance with Title 18, U.S.C. § 985(c)(1)(C), at Suncoast

Realty, 3639 Gulf Shores Parkway, Suite 1, Gulf Shores, Alabama.   As a result, Beverly Heard, also known as Beverly Williams, had 35 days thereafter to file a claim and 21 days after that to file a motion or answer. Supplemental Rules G(4) and G(5). Therefore, she had until April 19, 2013, to file a claim, and until May 9, 2013, to file a motion or answer.  She has filed none of the required responsive pleadings to oppose forfeiture of the defendant property, and her time to do so has expired.

Beginning on March 13, 2013, plaintiff published notice on an official government internet forfeiture website at www.forfeiture.gov for 30 consecutive days.  Supplemental Rule G(4)(iv)(C) deems Internet publication an alternative to newspaper publication in civil forfeiture actions.  Any putative claimants who received notice by Internet publication had to file a claim no later than 60 days after the first date of publication on the official government forfeiture website (by May 13, 2013).  See Supplemental Rule G(5)(ii)(B).  No putative claimant who received notice by Internet publication has filed a timely claim, motion or answer and the deadline to do so has expired.  Supplemental Rule G(5)(b).

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1.     This Court has jurisdiction over the subject matter, and the complaint states a claim upon which relief may be granted.

2.     In accordance with the Verified Complaint, the defendant 801 East

Franklin Street, Foley, Alabama, together with its appurtenances and

improvements in Baldwin County, Alabama, as more fully described above is

**ORDERED** to be forfeited to the plaintiff, the United States of America, for

disposition according to law pursuant to Title 21, U.S.C. § 881(a)(7), and Title 18,

U.S.C. § 985(c)(1)(A).

3.      This Order resolving all matters and issues joined in this action, the

Clerk of Court is directed to close this file for administrative and statistical

purposes.

**DONE and ORDERED** this 17th day of May, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE